OPINION
Defendant, Michael A. Durden, Jr., appeals from his conviction and sentence for Burglary, R.C. 2911.12. The State has failed to file a brief in opposition.
Durden was charged by indictment with complicity to Burglary as a second degree felony. He entered a plea of not guilty. Pursuant to plea negotiations, the State reduced the degree of the offense as charged to a fourth degree felony and Durden entered a plea of guilty to that charge. Durden was convicted on his plea.
For a felony of the fourth degree, the court may impose a prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(5). The trial court, after finding that community control was not warranted, sentenced Durden to the maximum available term of eighteen months, stating:
 So the Court feels that a Community Control sanction would not be appropriate nor would the lowest possible sentence be appropriate since that would demean the offense.
 This is a breaking and entering where the victim has been preyed upon before and I — I think that the Court's got to recognize that this is a serious offense and that given the defendant's record, the Court feels that the higher range of penalty would be more appropriate here for this offense.
 There were firearms taken, I think, in this burglary; is that correct? There were some guns.
 Okay. Based on that firearms were involved and the recidivism of the defendant, the Court finds that the maximum penalty should be imposed as this does become one of the worst forms of the offense, and I will impose — a sentence of 18 months to the state penitentiary and assess court costs to the defendant.
(6/27/99, T. p. 6).
Durden filed a timely notice of appeal. He presents a single assignment of error, which states:
 THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM SENTENCE ALLOWED FOR A FOURTH DEGREE FELONY WHEN THE COURT CONSIDERED THE ALLEGED THEFT OF FIREARMS AS A FACTOR THAT INDICATED THAT THE OFFENDER'S CONDUCT WAS MORE SERIOUS THAN CONDUCT NORMALLY CONSTITUTING THE OFFENSE.
Durden claims that the trial court impermissibly considered the fact that firearms were stolen when the court determined the seriousness of his Burglary offense for sentencing purposes. Durden argues that the court is limited to the matters in the factors which are set out in R.C. 2929.12(B)(1)-(6) in determining how the seriousness of a defendant's conduct bears on the sentence the court elects to impose. None of those matters specifically involve the property that was stolen in a theft-based offense.
R.C. 2929.12(B) requires the court to consider the matters in the factors that are set out in paragraphs (1) through (6) of that section "and any other relevant factors" when imposing sentence. Per R.C. 2929.11(B), the sentence the court imposes must be "commensurate with and not demeaning to the seriousness of the offender's conduct." The fact that the articles which were stolen were firearms is relevant to the seriousness of the conduct that Durden's offense involved. We cannot find that in considering that Durden had stolen firearms the court impermissibly exceeded the charge imposed on it by R.C. 2929.12(B).
Durden also argues that any implication that firearms were involved in his offense should result in attachment of a firearm specification per R.C. 2941.141 instead of a more serious penalty imposed for the underlying offense. Had a firearm specification been attached here, the court would have been required by Durden's conviction to impose a one year term of actual incarceration in addition to the term it imposed for the underlying Burglary offense. R.C. 2929.14(D) (1)(a)(i). We cannot believe that Durden would wish to risk a possibly more onerous sentence. In any event, the court was not prohibited from considering the involvement of firearms merely because no R.C. 2941.141
specification was attached.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.